UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONNY BROSKEY,                              Case No. 16-13572

        Plaintiff,                      Laurie J. Michelson
v.                                          United States District Judge

LORI GIDLEY, *et al*,                       Stephanie Dawkins Davis
                                            United States Magistrate Judge

        Defendants.
_____/

**REPORT AND RECOMMENDATION:
RULE 41B DISMISSAL OF DEFENDANT SMITH AND DOE
DEFENDANTS AND MOTION FOR SUMMARY JUDGMENT (Dkt. 49)**

## I.    PROCEDURAL HISTORY

Plaintiff, a prisoner in the custody of the Michigan Department of
Corrections, filed this *pro se* civil rights complaint on October 4, 2016.   (Dkt. 1).
On November 1, 2016, this case was referred to the undersigned by District Judge
Laurie J. Michelson for all pretrial purposes.   (Dkt. 7).

On January 17, 2018, defendant Craig Smith filed a motion for summary
judgment pursuant to Federal Rule of Civil Procedure 56.   (Dkt. 49).   On January
31, 2018, the Court ordered plaintiff to respond to the motion for summary
judgment by March 19, 2018.   (Dkt. 51).   In that Order, the Court warned
plaintiff that "**[f]ailure to file a response may result in sanctions, including
granting all or part of the relief requested by the moving party**."   (Dkt. 51, Pg

ID 429) (emphasis in original).   On that same date, the Court also ordered plaintiff to provide names and addresses for the Doe defendants by March 2, 2018.   (Dkt. 50).   Having not received plaintiff's response to either order by their respective deadlines deadline, on April 2, 2018, the undersigned ordered plaintiff to show cause in writing by April 23, 2018 why the court should not dismiss his complaint against defendant Smith because of his failure to file a response to the motion for summary judgment and dismiss his complaint against the Doe defendants based on his failure to provide names and addresses for service.   (Dkt. 52).   Alternatively, the court told plaintiff that he could file a response to the motion for summary judgment and provide the names and addressed by April 23, 2018.   *Id*.   Again, the court warned plaintiff that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion for summary judgment and provide names and addresses of the Doe Defendants will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b).**"   *Id*. (emphasis in original).

The order to show cause was served on plaintiff at the address listed on file with the Court.   On April 16, 2018, this order was returned as "undeliverable" by the U.S. Post Office.   (Dkt. 53).   Given that plaintiff failed to keep his address updated, the Court issued a second order, requiring plaintiff to show cause by June 1, 2018 by this matter should not be dismissed.   (Dkt. 54).   The Court again

warned that failure to comply with the show cause order would result in a recommendation of dismissal under Rule 41(b).   (Dkt. 54).

As of the date of this Report and Recommendation, plaintiff has not filed a response to either of the court's orders to show cause.   Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant Smith be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b), that defendant's motion for summary judgment be **TERMINATED** as moot, and that this matter be **DISMISSED** without prejudice as to the Doe defendants.

## II.    ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order.   *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001).   Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."   *Link*, 370 U.S. at 629.   "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   *Link*, 370 U.S. at 629-630.   "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."   *Tetro v. Elliott Popham Pontiac*,

3

*Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999),

citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).   Further, "a district

court can dismiss an action for noncompliance with a local rule ... if the behavior

of the noncomplying party rises to the level of a failure to prosecute under Rule

41(b) of the Federal Rules of Civil Procedure."   *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a

district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad
> faith, or fault; (2) whether the adversary was prejudiced
> by the dismissed party's conduct; (3) whether the
> dismissed party was warned that failure to cooperate
> could lead to dismissal; and (4) whether less drastic
> sanctions were imposed or considered before dismissal
> was ordered.

*Wu v. T.W. Wang*, *Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v.*

*American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).   On balance, these

factors weigh in favor of dismissal here.   With respect to the first factor, similar to

the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not

clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or

fault."   *Id*.   Regardless, "defendants cannot be expected to defend an action," that

plaintiff has "apparently abandoned, not to mention the investment of time and

resources expended to defend this case."   *Id*.   For these reasons, the first and

second factors weigh in favor of dismissal.

Moreover, based on the warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal.   This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, where defendants expended resources on an abandoned action, and lesser sanctions would prove useless.   *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012).   Moreover, failure to identify and serve Doe defendants (or provide names and addresses for these defendants to the U.S. Marshals Service to permit it to effectuate service), constitutes failure to prosecute and warrants a dismissal of this case under both Rules 4(m) and 41(b).   *Miller v. Michigan Dep't of Corrections Healthcare Providers*, 986 F.Supp. 1078, 1079 (W.D. Mich. 1997); *see also Pravda v. City of Albany*, 178 F.R.D. 25, 26 (N.D.N.Y. 1998).   Additionally, a Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address.   *Watsy v. Richards*, 1987 WL 37151 (6th Cir. 1987); *White v. City of Grand Rapids*, 34 Fed. Appx. 210, 211 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Rogers v. Ryan*, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) ("A Rule 41(b) dismissal is an appropriate sanction for a pro se litigant's failure to provide the court with information regarding his current address.").

Importantly, despite the court's warnings that his action may be dismissed, plaintiff failed to respond to either of the show cause orders.   (Dkt. 52, 54).   The court clearly warned plaintiff that a failure to respond to the motion for summary judgment may result in sanctions, including granting all or part of the relief requested by defendants.   (Dkt. 51).   After plaintiff did not respond to the motion for summary judgment or the order to provide names and addresses for the Doe defendants, the show cause order indicated that a failure to respond or to "**timely file a response to the motion for summary judgment and provide names and addresses of the Doe Defendants will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b).**" (Dkt. 51) (emphasis in original).   Despite these clear warnings, plaintiff has provided no good reason why the undersigned should not dismiss defendant Smith and the Doe defendants.   *See Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at \*2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013). Plaintiff also failed to keep his address with the Court updated and failed to respond to the order to show cause regarding same, despite the warning of dismissal.

And finally, given plaintiff's failure to respond to the court's orders to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute.   It is

true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant."   *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).   However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay."   *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).   Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case."   *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck* 2013 WL 511031, at *2; *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).   Notably, a prior recommendation was made and adopted by the District Court for dismissal of defendants Stone and Houghton based on plaintiff's failure to respond to a motion for summary judgment and failure to respond to an order to show cause.   (Dkt. 46, 48).   Plaintiff has a long and clear history of not following the orders of this Court and not responding to orders to show cause.   He has plainly abandoned litigating this matter.

The undersigned concludes that, for the reasons discussed above, plaintiff has effectively abandoned his case against by failing to file a response to the

motion for summary judgment as ordered, failing to respond to the order for names and addresses for service, for failing to provide a current address to the Court, and for failing to comply with the show cause orders of the Court.   Under these circumstances, dismissal with prejudice is appropriate as to defendant Smith. However, dismissal without prejudice as to the Doe defendants is appropriate under Rule 4(m).   *See Burns v. Ocwen Loan Servicing, L.L.C.*, 2018 WL 1869815, at *3 (E.D. Mich. Jan. 9, 2018), report and recommendation adopted, 2018 WL 851284 (E.D. Mich. Feb. 14, 2018) ("[U]nder Rule 4(m), '[i]f a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time.' Fed. R. Civ. P. 4(m).").

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant Smith be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b), that defendant's motion for summary judgment be **TERMINATED** as moot, and that this matter be **DISMISSED** without prejudice as to the Doe defendants.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).   Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).   Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.   *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).   Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.   Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.   Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.   If the Court determines that any objections are without merit, it may rule without awaiting the response.

 Date:   July 30, 2018                          s/Stephanie Dawkins Davis
                                               Stephanie Dawkins Davis
                                               United States Magistrate Judge

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on <u>July 30, 2018</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant, at the following address: <u>Sonny Broskey #242074, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846.</u>

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov