UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONNY BROSKEY,

    *Plaintiff*,

v.

LORI GIDLEY, *et al.*,

    *Defendants*.

Case No. 2:16-cv-13572-LJM-SDD
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION [56] AND DISMISSING COMPLAINT**

Sonny Broskey, who has been released from prison, apparently no longer wants to pursue his lawsuit about mistreatment during his prison term. In particular, in January 2018, C. Smith, the remaining named defendant (John and Jane Does also remain), moved for summary judgment. (R. 49.) Magistrate Judge Stephanie Dawkins Davis, to whom all pretrial matters have been referred, ordered Broskey to respond to C. Smith's motion by March 19, 2018. (R. 51.) That date came and went without a response. So in early April 2018, Magistrate Judge Davis ordered Broskey to show cause; Broskey's failure to do so would result in a recommended dismissal, she warned. But Broskey was released from prison on March 27, 2018. And Broskey did not—as he is required to do—provide the Court with his new address. So Magistrate Judge Davis' show-cause order was returned as undeliverable. (R. 53, 55.) On July 30, 2018, consistent with her show-cause order, Magistrate Judge Davis issued a report and recommendation to dismiss Broskey's case. (R. 56.) As Broskey still had not provided a new address, that report and recommendation was also returned as undeliverable. (R. 57.)

In her July 30, 2018 Report and Recommendation, Magistrate Judge Davis notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R. 56, PageID.447.) As it is now August 17, 2018, the time to file objections has expired. And no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts her recommended disposition. It follows that Broskey's complaint against C. Smith is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) and that the Doe defendants are DISMISSED WITHOUT PREJUDICE. This is a final order; a separate judgment will issue.

SO ORDERED.

Dated: August 20, 2018

s/Laurie J. Michelson
U. S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 20, 2018.

s/Teresa McGovern
Case Manager Generalist